UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK D. PRYOR, IV,<br><br>        Plaintiff<br><br>    v.<br><br>BUREAU OF HEALTH CARE<br>SERVICES, *et al.*,<br>        Defendants. | CIVIL ACTION NO. 3:24-CV-1907<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Frederick Pryor proceeds against seven defendants affiliated with the Pennsylvania Department of Corrections, alleging that they have denied him adequate dental care at SCI-Rockview and retaliated against him for filing grievances. Defendants move for judgment on the pleadings. (Doc. 16). Finding that Pryor's complaint does not state a claim for relief against these defendants, the Court will grant the motion but allow Pryor 30 days in which to file an amended complaint.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Pryor initially filed a complaint in the Western District of Pennsylvania complaining of inadequate dental care at SCI-Pine Grove and SCI-Rockview. (Doc. 1). The court in that district severed the claims and ordered that the claims related to SCI-Rockview be transferred to this district. *See* (Doc. 5).

The complaint is difficult to follow, but the relevant allegations concern a dispute over treatment after a surgery to extract three of Pryor's teeth. Pryor alleges that the surgery left "big pockets/holes in [his] gums," which were treated with dissolving stitches. The wounds near two of the three teeth healed, but in the area around the third tooth, "[t]here was a pocket

that was wide open and the nerves were still shooting pain up the side of [Pryor's] face." In July 2022, he was examined by a dentist, Dr. Hazlett, who allegedly noted that Pryor "still exhibits a deep tissue defect periapical." Although his medical records indicate that Pryor refused dental treatment on August 2, 2022, Pryor denies refusing treatment. Pryor became aware of these records in July 2023, when he reviewed them and found records indicating "that DDS F. Tejeda called Sgt. Hunter and was told that [Pryor] denied treatment."

The records also describe a "supposed appointment in March 2023," which Pryor alleges "never happened." Pryor alleges that he had only two dental appointments at SCI-Rockview after the surgery: the July 2022 appointment with Hazlett, and a November 2022 appointment with an unnamed provider, which Pryor does not describe. Pryor alleges that his pain was not treated at these visits, and that their ultimate purpose was to allow the medical staff to respond to his complaints of pain by claiming that they had already seen him.

Following the order in the Western District of Pennsylvania severing his claims, Pryor proceeds in this action against Tejeda, Hunter, the Bureau of Health Care Services, SCI-Rockview Deputy Superintendent Michael Rowe, and three defendants allegedly involved in responding to his grievances about this issue: Keri Moore, Kevin Brubaker, and D. Varner. He asserts Eighth Amendment claims of deliberate indifference to his serious medical needs, and First Amendment claims of retaliation for filing "complaints and grievances." He requests monetary relief, including punitive damages, and that the Court order treatment by an outside provider.

Defendants now move for judgment on the pleadings, arguing that the Bureau of Health Care Services is not a proper defendant for a Section 1983 claim, and that Pryor has

2

not properly alleged that any of individual defendants were personally involved in the alleged violations.

**II.    LEGAL STANDARDS**

A motion for judgment on the pleadings is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Granting a 12(c) motion results in a determination on the merits at an early stage in the litigation," and thus, the movant is required "'to clearly establish [ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). A Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion to dismiss, construing all allegations and inferences in the light most favorable to the nonmoving party. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019); Thus, to survive a 12(c) motion, the complaint must contain sufficient factual matter to show that the claim is facially plausible, enabling the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

"In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman v. Corbett*, 873 F.3d 414, 417-18 (3d Cir. 2017) (citing *Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)). When adjudicating a motion for judgment on the pleadings, the court should generally

3

consider only those allegations contained in the complaint, as well as "documents that are attached to or submitted with the complaint, ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *see Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (court may consider "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record.").

Pryor's claims arise under 42 U.S.C. § 1983. Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

4

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see*, *e.g.*, *Sanchez v. Litz*, No. 3:21-CV-115, 2021 WL 5176262, at *4 (M.D. Pa. Nov. 3, 2021) (permitting leave to amend after granting defendants' motion for judgment on the pleadings because the claims were "factually, rather than legally, deficient").

### III. DISCUSSION

In his response to the motion, Pryor "accept[s] that Defendants Rowe, Brubaker, Moore, and Varner must be dismissed," because the allegations against them are insufficient to establish their personal involvement. *See* (Doc. 31 at 11); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Accordingly, the only disputed issues are the viability of the claims against the Bureau of Health Care Services, Tejeda, and Hunter.

#### A. BUREAU OF HEALTH CARE SERVICES

As noted, Section 1983 provides for relief against "persons" acting under cover of state law. Pryor's claims against the Bureau of Health Care Services must be dismissed because the Bureau of Health Care Services is not a 'person' for purposes of Section 1983. *See*, *e.g.*, *Robinson v. Bureau of Health Care Servs.*, No. 22-1913, 2022 WL 17984477, at *2 (3d Cir. Dec.

5

29, 2022); *Williams v. PICC Med. Dep't*, No. 1:23-CV-00914, 2023 WL 5758874, at *5 (M.D. Pa. Sept. 6, 2023). Pryor argues that the Bureau is subject to "supervisory liability" under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), but *Monell* liability applies to municipal entities and private entities under color of state law. *See Johnson v. Stempler*, 373 F. App'x 151, 153 n.1 (3d Cir. 2010). State agencies, which are immune from suit under the Eleventh Amendment, are not included. *See Monell,* 436 U.S. at 691 n.51 ("Our holding . . . [is] limited to local government units which are not considered part of the State for Eleventh Amendment purposes."); *Robinson*, 2022 WL 17984477, at *2 (citing *Lavia v. Pa., Dept. of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000)).

B. TEJEDA AND HUNTER

Next, Defendants seek dismissal of Tejeda, a dentist, and Hunter, a non-medical officer. The sole allegation[1] against these defendants is that Hunter told Tejeda that Pryor was refusing treatment. The Court infers that this statement led to the cancellation of Pryor's August 2, 2022, appointment, and thus deprived Pryor of whatever care he would have received on that day. However, even accepting Pryor's claim that Hunter's report to Tejeda was false, this does not show either defendant's deliberate indifference to Pryor's serious medical needs.

To state an Eighth Amendment claim, Pryor must allege facts indicating that the defendant(s) believed they were putting him at a substantial risk of serious harm. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (defendant must be "aware of

---

[1] Although Pryor attempts to present further allegations in his response brief, these new allegations are not considered on a request for judgment on the pleadings. *See Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 257 (3d Cir. 2004).

facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw the inference") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Here, there is no indication that either defendant was previously involved in Pryor's medical care and therefore no basis to infer that either knew of the nature of his medical needs. Even if Tejeda (the dentist) knew of Pryor's dental issues, it would not be deliberate indifference for him to rely on the officer's report that Pryor was refusing treatment. *See*, *e.g.*, *Small v. Visinsky*, 386 F. App'x 297, 300 (3d Cir. 2010) (defendant's "mistaken belief" that prisoner did not need physical therapy, based on a report from another provider, did not show deliberate indifference to his medical needs). Nor does the complaint support an inference that Tejeda or Hunter stopped Pryor from requesting further care. To the extent Pryor's First Amendment retaliation claims were directed to Tejeda or Hunter, the complaint does not support an inference that their actions were in any way related to Pryor filing grievances.

Because Pryor has attempted to provide additional detail regarding his claims, *see* (Doc. 28, Doc. 30, Doc. 31), suggesting that amendment may not be futile, he will be permitted 30 days to file an amended complaint. *See Grayson*, 293 F.3d at 108. If Pryor chooses to file an amended complaint, it must be a stand-alone document that does not refer to the previous complaint. General allegations that he has "not been seen" for his injuries are insufficient; the amended complaint must explain the actions that each defendant took that establish their knowledge and personal involvement. Pryor may attach medical records, or other documentation of the defendants' actions, if it helps to explain his allegations.

## IV.    CONCLUSION

Because the complaint as pled does not state a claim against any named defendant, Defendants' motion will be granted and Pryor will be granted 30 days to file an amended

complaint. Further, Defendants' pending discovery motion (Doc. 25) will be denied as moot without prejudice to any future motion if discovery resumes.

      An appropriate Order follows.

Dated: June 30, 2025                      *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **United States District Judge**